19158

J. B. GRIFFIN, Appellant, v.
STATE of South Carolina et al., Respondents
(179 S. E. (2d) 33)

*Elliott D. Thompson, Esq.,* of Newberry, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair,*
and *John P. Wilson, Asst. Attys. Gen.,* of Columbia, *for
Respondents,*

February 1, 1971.

LEWIS, Justice.

Appellant, J. B. Griffin, was indicted at the November 1966 term of the Court of General Sessions for Newberry County for the murder of his wife. He retained counsel and was released on bail. On June 17, 1967, approximately seven months later, he entered a plea of guilty to the lesser offense of manslaughter and received a sentence of twenty years, under which he is now confined in the Central Correctional Institution of South Carolina. After his confinement, appellant instituted this *habeas corpus* proceeding, in which he seeks to have his plea of guilty set aside and a new trial ordered upon the ground that his plea was not understandingly entered. The lower court denied the relief sought and this appeal followed. We affirm.

Appellant's brief states the issue in this appeal as follows: "Appellant does not contend on this appeal that he was directly coerced or forced to enter his plea. What is contended is that he lacked the requisite understanding required to meet the minimum standards of fairness and due process." The sole question then is whether appellant's plea of guilty was understandingly entered.

While the record indicates that appellant was illiterate, he was not incapable of understanding the nature and consequences of his plea. He was free on bail for approximately seven months before his case was called for trial, during which time he was represented by able and experienced counsel of his own choosing and had the full benefit of the counsel and advice of his family. He entered his plea only after a full explanation by his attorney of the charges against him and the consequences which might result both from a trial and the entry of a guilty plea. Upon inquiry by the court, appellant acknowledged before sentence that he

was pleading guilty because he was guilty, which was followed by a statement to the court by his attorney as to the facts and the reasons prompting the plea.

Upon the record made at the time of the plea and the testimony taken at the *habeas corpus* hearing, the lower court properly concluded that the plea of guilty by appellant was understandingly entered.

Judgment affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.